[Crim. No. 12983. Fourth Dist., Div. Three. Aug. 10, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
WORLEY QUENTON PUGH, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, J. Courtney Shevelson and Anne E. Fragasso, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Steven V. Adler and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SONENSHINE, J.—A jury convicted Worley Quenton Pugh (Pugh) of burglary (Pen. Code, § 459). Before trial, Pugh admitted three prior prison convictions.[1] On appeal he argues the court erred in permitting the prosecution to utilize prior felony convictions for impeachment and improperly excused a defense witness who had invoked his privilege against self-incrimination.

I

Two police officers driving in the City of San Clemente at 4 a.m. heard noises from a closed drugstore and saw two males carrying boxes to a parked van. Spotting broken glass, the officers ordered the two males to stop, but they ignored the command and sped away. Following a high speed chase through residential streets, the van slowed and two males jumped out. A search of the neighborhood resulted in the discovery of Pugh hiding under a bush next to a residence. At the police station, officers noticed Pugh's hand was cut.

At trial one officer identified Pugh as being the taller of the two persons seen at the drugstore and the person seen leaving the driver's side of the van. The second officer could not make an identification.

Pugh denied involvement in the burglary. He and his wife testified he was sleeping in the back of the van until a sudden backward movement caused him to awaken. He explained he ran from the van and hid in the bushes as a reaction to his wife telling him to run, additionally fearing arrest for being under the influence of drugs. Finally, Pugh explained the cut hand was

---

[1] Pugh had suffered four prior felony convictions, three of which resulted in separate prison commitments.

caused by a spring striking him when he changed a split rim tire earlier in the day.

Linda Gallaher, a relative of Pugh's, testified she was in a car following the van from Mexico,[2] never observed the police leave their car at the drugstore, and doubted Pugh was the person identified by the police as having left the driver's side of the van. Pugh's testimony was corroborated by Eddie Cittel, who testified he was the driver mistakenly identified as Pugh; and he, with the assistance of the passenger, Carl Ash, committed the burglary.

## II

Pugh sought to exclude his four prior felony convictions for purposes of impeachment.[3] (Evid. Code, §§ 352, 788.) One conviction was for possession of dangerous drugs (Health and Saf. Code, § 11377), one was for petty theft with a prior (Pen. Code, § 666), and two were for burglary (Pen. Code, § 459). The court excluded the conviction for drug possession but permitted the prosecution to utilize the remaining three convictions to impeach Pugh on the condition they were referred to only as convictions for theft.

■ Courts must exercise discretion in determining whether the probative value of the impeachment prior is outweighed by its prejudicial effect on the witness' testimony. (Evid. Code, §§ 352, 788; *People* v. *Beagle, supra,* 6 Cal.3d 441.) Listed among the criteria to consider is the similarity between the prior offense and the offense presently charged. A strict limitation on the admission of similar priors exists because " '[w]hile the risk of undue prejudice is substantial when any prior conviction is used to impeach the credibility of a defendant-witness, it is far greater when the prior conviction is similar or identical to the crime charged. [Citations.]' (*People* v. *Fries, supra,* 24 Cal.3d [222] at p. 230 [155 Cal.Rptr. 194, 594 P.2d 19].) 'A jury which is made aware of a similar prior conviction will inevitably feel pressure to conclude that if an accused committed the prior crime he likely committed the crime charged.' (*People* v. *Rist, supra,* 16 Cal.3d [211] at p. 219 [127 Cal.Rptr. 457, 545 P.2d 833].)" (*People* v. *Barrick* (1982) 33 Cal.3d 115, 126 [187 Cal.Rptr. 716, 654 P.2d 1243].)

■ The three prior convictions admitted for purposes of impeaching Pugh were either identical (burglary) or nearly identical (petty theft with a

---

[2]Defense witnesses testified they had spent the day driving to Mexico in an unsuccessful attempt to "purchase a child."

[3]*People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1].

prior) to the crime charged. In ordering the prosecution to sanitize the priors by referring to them as convictions involving theft, the court followed the approach taken in *People* v. *Moultrie* (1979) 99 Cal.App.3d 77 [160 Cal.Rptr. 51] and *People* v. *Madaris* (1981) 122 Cal.App.3d 234 [175 Cal.Rptr. 869], which held this sanitizing procedure cured *Beagle*'s "similars" prohibition.

The Supreme Court in *People* v. *Barrick, supra,* 33 Cal.3d 115 disapproved both *Moultrie* and *Madaris,* finding the sanitizing process to violate *People* v. *Fries* (1979) 24 Cal.3d 222 [155 Cal.Rptr. 194, 594 P.2d 19], *People* v. *Rist* (1976) 16 Cal.3d 211 [127 Cal.Rptr. 457, 545 P.2d 833], and *People* v. *Beagle, supra,* 6 Cal.3d 441, because it did not satisfy the balancing process of Evidence Code section 352. Following *Barrick,* we hold it was error for the court to have permitted the prosecution to have impeached Pugh with three sanitized prior convictions. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Respondent seeks to distinguish *Barrick* from the instant case arguing the error was harmless. *Barrick* determined the admission of the sanitized prior resulted in a miscarriage of justice and reversed. Whether it is reasonably probable a result more favorable to Pugh would have been reached absent the error must be resolved on the facts. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) Pugh's conviction rests entirely upon the identification testimony of one officer and the credibility of Pugh and defense witnesses.[4] But for the lack of defendant's testimony, the facts in *Barrick* are very similar to the instant case. Barrick was discovered passed out in a stolen car with hot wired ignition. Witnesses for the defense testified to Barrick's lack of sobriety induced by PCP-laced marijuana. On its face Barrick's conviction appeared to be a foregone conclusion, but the court held the improper admission of his *one* prior conviction to be reversible error.

Pugh testified in his own behalf denying the burglary. Three witnesses corroborated his version of the events. Not only did the prosecution use the *three* prior convictions to impeach Pugh, but highlighted the convictions in closing argument by repeatedly telling the jury the sole issue on trial was Pugh's credibility. We cannot say a result more favorable to defendant would not have been reasonably probable absent the error. (*People* v. *Watson, supra,* 46 Cal.2d 818, 836.)

---

[4]We note the court, without objection, additionally permitted the prosecution to impeach Eddie Cittel without the weighing process required by *People* v. *Beagle, supra,* 6 Cal.3d 441. Had an objection been lodged, this too would have been error. (*People* v. *Woodard* (1979) 23 Cal.3d 329 [152 Cal.Rptr. 536, 590 P.2d 391].)

■ Finally, respondent asserts in light of the adoption of Proposition 8 (Cal. Const., art. I, § 28, subd. (f)),[5] reversal and remand would be a waste of judicial resources. This argument assumes the "priors" used to impeach Pugh would now be admissible. Proposition 8 is not retroactive. (*People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149].) Thus, without regard to article I, section 28, subdivision (f), the trial court must conduct the balancing test required by *Beagle*.

### III

■ An additional issue raised by appellant which may recur on remand must be considered. Pugh contends he was deprived of due process when the trial court excused a defense witness, Carl Ash, before he was sworn. Pugh's counsel called Eddie Cittel and Carl Ash as witnesses, making an offer of proof alleging each would admit committing the burglary and would exonerate Pugh. The court advised each witness of his right to counsel, and when requested, appointed counsel for each. Eddie Cittel, after advice of counsel, testified. Carl Ash informed the court, through counsel, he wished to invoke his privilege against self-incrimination.

Without swearing Ash and without propounding any questions, the court excused him.[6] This procedure was improper.

Whether the court holds a pretestimonial hearing out of the jury's presence, or permits questions to be asked before the jury, is within the discretion of the court. (*People* v. *Johnson* (1974) 39 Cal.App.3d 749, 758-760 [114 Cal.Rptr. 545].) Regardless of the procedure, however, the court must place the witness under oath and allow questions to be propounded before permitting the witness to invoke the privilege against self-incrimination. (*People* v. *Harris* (1979) 93 Cal.App.3d 103, 117 [155 Cal.Rptr. 472].) Although the court erred in excusing the witness, counsel waived the error by failing to object. (*Id.*, at p. 118.)

---

[5]Article I, section 28, subdivision (f) states: "Use of Prior Convictions. Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

[6]"THE COURT: Now, with respect to Mr. Ash, in light of what has been stated on the record, you intend to call Mr. Ash as a witness?

"Ms. SCOTT: I think not, your Honor.

"THE COURT: All right. In that case, we'll send Mr. Ash back to the Orange County Jail, and we'll keep Mr. Cittel here and bring the jury out. Thank you."

The judgment is reversed and remanded.

Crosby, Acting P. J., and Wallin, J., concurred.