[No. B073790. Second Dist., Div. Six. Aug. 16, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS PACE, Defendant and Appellant.

## COUNSEL

Christopher L. Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Ellen Birnbaum Kehr, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

YEGAN, J.—Thomas Pace appeals from a jury determination that he is a mentally disordered offender (MDO; see Pen. Code, § 2960 et seq.). The effect of this order is that he will be an "inpatient" unless the State Department of Mental Health certifies to the Board of Prison Terms that there is reasonable cause to believe appellant can be safely and effectively treated as an outpatient. (Pen. Code, § 2964, subd. (a).) He appeals contending: "I. There was insufficient evidence to support the verdict that the petitioner met the MDO criteria. [¶] II. It was error for the court to allow the jury to hear evidence of the rape, as it was not the 'controlling offense.'" These contentions are without merit and we affirm the judgment.

 We recently held that the substantial evidence rule, restated in *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103] applies to appellate review of MDO proceedings. (*People v. Miller* (1994) 25 Cal.App.4th 913, 919-920 [31 Cal.Rptr.2d 4423].) When the record is viewed in this light, it is apparent that substantial evidence supports the MDO determination.

Appellant has a long criminal record and a long history of mental illness. He was convicted of rape and forcible oral copulation in 1988 and was serving a prison term therefor when he was convicted of battery upon a custodial officer in 1990. A concurrent prison sentence was imposed on the battery conviction. Prior thereto, he had been convicted of two felonious assaults and served two prison terms in Ohio.

Doctor Audrey Mertz, appellant's treating psychiatrist at Atascadero State Hospital, testified that appellant suffered from a severe mental disorder, i.e., a schizoaffective disorder. Appellant had previously been diagnosed as a paranoid schizophrenic. He suffered from mood disturbances, delusions, grandiosity, narcissism, and hallucinations. He was an abuser of cocaine. He had attempted suicide, threatened hospital staff members, and exposed himself. He claimed to have magical powers and to be Jesus Christ.

In connection with the sex offenses, appellant acted like he was "possessed by a demon." He held the victim captive for more than six hours and told her, "Rah wants his hair; Rah is losing his kingdom because of this black bitch."[1]

Doctor Mertz testified: 1. appellant had a severe mental disorder, 2. the severe mental disorder was not in remission and could not be kept in remission without treatment, 3. the severe mental disorder was one of the causes or an aggravating factor in the sex offenses and the battery upon a custodial officer, 4. appellant had been in treatment for the severe mental disorder for 90 days or more within the year prior to his parole release date, and 5. the certification to the Board of Prison Terms met the Penal Code section 2962, subdivision (d)(1) criteria, 6. the battery offense was a crime involving force and violence, and 7. appellant represented a "substantial danger of physical harm to others." (See Pen. Code, §§ 2962, 2972, subd. (c).)

Appellant's first contention is in essence a request that we reweigh the evidence credited by the trier of fact. We do not reweigh or reinterpret the evidence on appeal. (*People* v. *Miller*, *supra*, 25 Cal.App.4th at p. 919; *People* v. *Culver* (1973) 10 Cal.3d 542, 548 [111 Cal.Rptr. 183, 516 P.2d 887].) The evidence is sufficient to support the jury determinations that appellant suffered from a severe mental disorder which could not be kept in remission without further treatment in the state hospital and that it was one of the causes or an aggravating factor in the commission of the battery on a custodial officer as well as the sex crimes.

We cannot say, as a matter of law, that appellant suffered only from a "personality or adjustment disorder," (see Pen. Code, § 2962, subd. (a)), or that the reason for his acts was substance abuse or "unflagging religious beliefs." These were inferences that could have been drawn by the jury but were not.

---

[1]According to appellant "Rah" is the Egyptian sun god. In all probability "Rah" was reported phonetically by the court reporter. "Ra" is defined as follows: "The sun god, the supreme deity of ancient Egyptians, represented as a man with the head of a hawk crowned with a solar disk and uraeus." (American Heritage Dict. (2d college ed. 1982) p. 1020, col. 1.)

■ Appellant's second contention is also without merit. The MDO certification petition listed the 1990 battery offense as the "controlling offense" and the sex offenses as "noncontrolling." Appellant claims that the People were unfairly allowed to introduce evidence of both the battery offense and the 1988 sex offenses. According to appellant, this "doubled" the chance of showing appellant met the criteria for MDO. We reject the contention.

No objection was made at trial to the introduction of the sex offenses and the issue is waived on appeal. (Evid. Code, § 353, subd. (a); *People* v. *Garceau* (1993) 6 Cal.4th 140, 179 [24 Cal.Rptr.2d 644, 862 P.2d 664]; *People* v. *Pretzer* (1992) 9 Cal.App.4th 1078, 1085 [11 Cal.Rptr.2d 860].) Had objection been made, it would have been overruled. A psychiatrist may and should take into account the prisoner's entire history in making an MDO evaluation. This includes prior violent offenses as well as the prisoner's mental health history. Objection to the introduction of the sex offenses ". . . would have been a classic exercise in futility." (*People* v. *Eckstrom* (1974) 43 Cal.App.3d 996, 1003 [118 Cal.Rptr. 391].)

The jury's consideration of the battery and sex offenses was not "fundamentally unfair." Other than Evidence Code section 352, there is no rule precluding the People from introducing evidence of appellant's prior violent crimes in an MDO proceeding. The certification petition gave appellant fair notice that the People would be introducing evidence of the 1988 sex offenses. The chief psychiatrist's MDO certification listed the sex offenses as "noncontrolling." We cannot say that the sex offenses were "irrelevant" to a potential MDO finding. Appellant was serving concurrent sentences for the 1988 sex offenses and the 1990 battery. A prior violent offense has a tendency in reason to show that the prisoner poses a "substantial danger of physical harm to others." (Pen. Code, §§ 2962, subd. (d), 2972, subd. (c).)

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.