Filed 3/27/13  P. v. Small CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FREDERIC SMALL,<br><br>    Defendant and Appellant. | 2d Crim. No. B242679<br>(Super. Ct. No. F470333)<br>(San Luis Obispo County) |

Frederic Small appeals a judgment committing him to the State Department of State Hospitals (SDSH) for treatment as a mentally disordered offender (MDO) (Pen. Code, § 2962) following his 1995 conviction of two counts of committing lewd acts upon a child under 14 years of age.  (Pen. Code, § 288.)[1]  We conclude, among other things, that substantial evidence supports the finding that because of his severe mental disorder Small represents a substantial danger of physical harm to others.  (§ 2962, subd. (f).)  We affirm.

FACTS

On February 2, 2012, Small filed a petition to challenge a Board of Parole Hearing's (BPH) decision that he met the requirements for commitment as an MDO. (§ 2962.)  The superior court appointed counsel for him and Small waived a jury trial.

At trial, Allison Stanley, a forensic psychologist, testified that Small has a "psychotic disorder," which is a severe mental disorder.  The symptoms include "grandiose

_____

[1] All statutory references are to the Penal Code.

delusions and bizarre behavior." His 1995 commitment offense involved lewd acts on a child under 14 years of age. (§ 288.) The 13-year-old child was waiting for a school bus. Small was convicted of rape in1983, and he committed an earlier lewd act on a child in 1967. He represented a substantial danger of physical harm to others. He has a history of violence, no remorse for his actions, and he violated parole on three occasions. Two of the parole violations involved being in the presence of minor children. He refuses to take his medications, and he has "negligible insight into his severe mental disorder." His disorder is not in remission.

David Walsh, a forensic psychologist, testified that Small suffers from a "bipolar affective disorder." Small represents a substantial danger of physical harm to others and his disorder is not in remission.

Dr. Brandi Matthews, an MDO expert, testified that Small suffers from a "bipolar disorder maniac, severe with psychotic features." Small experiences "hallucinations" and "has been observed talking to himself on occasion." He has "mood symptoms" and "hyposexuality." His disorder is not in remission. On November 16, 2011, Small was "delusional." He claimed he had designed "on-shore command centers for the Navy" and that he led a rescue mission in South America. He represents a substantial danger of physical harm to others.

Small testified that after his 1995 conviction he received no psychiatric treatment during his years in prison. In 2008, he was on parole for 10 days before it was revoked because he got a GPS device wet. His next parole violation was for "being around children." Small claimed the children "weren't there when [he] walked" into a barber shop. His last parole violation involved the unplugging of his GPS device. He claimed this occurred when he was reaching for heart medication after he felt a "tick" in his heart. For the first three times he was placed on parole, there was no referral for mental health treatment. He denied committing any lewd acts on the 13-year-old girl. He said, "[T]hey were college girls waiting to go to UCI." He broke a window at the state facility, but it was an accident.

2

## DISCUSSION

### *Substantial Danger of Physical Harm to Others*

In order to commit an individual as an MDO, the prosecutor must present evidence showing that because of his or her severe mental disorder, he or she represents a substantial danger of physical harm to others. (§ 2962, subd. (f).)

Small contends there is no substantial evidence to support that finding. He claims he is 76 years old, his commitment offense is old, and there were no facts showing current dangerousness. He argues the trial court erred by accepting the experts' opinions on dangerousness and they had no relevant facts to support those opinions.

The People respond that the expert opinions were admissible evidence and the factors the experts considered were appropriate. We agree.

Expert opinion on potential dangerousness is admissible. (*People v. Ward* (1999) 71 Cal.App.4th 368, 374.) "In civil commitment cases, where the trier of fact is required by statute to determine whether a person is dangerous, or likely to be dangerous, expert prediction may be the only evidence available." (*Ibid.*)

Small claims some experts relied on his earlier criminal record. He suggests they needed evidence of a recent violent act. But section 2962, subdivision (f) provides, "'[S]ubstantial danger of physical harm' does not require proof of a recent overt act." Medical experts may consider a wide variety of factors in determining current dangerousness. That includes the prior criminal history. "A psychiatrist may and should take into account the prisoner's entire history in making an MDO evaluation. This includes prior violent offenses as well as the prisoner's mental health history." (*People v. Pace* (1994) 27 Cal.App.4th 795, 799.)

Here there is sufficient evidence to support the trial court's finding. The three experts agreed that Small posed a substantial risk of danger to others. They relied on a variety of relevant factors to reach that conclusion.

For example, Stanley testified that Small has a "history of violence toward others," which includes "sex offenses toward minors." Small currently has a "lack of insight into [his] behavior," and he acts impulsively. At an enhanced outpatient program,

3

his behavior became "bizarre." He was" 'intrusive to other inmates." He exhibited "manic" behavior, which included talking to himself, "wandering to inmates' beds and taking their personal items." He denied that he had a history of mental health treatment even though he had been twice hospitalized for treatment. "[H]e denied having a mental disorder." He "refused psychiatric treatment," and he refused to take his medications. He violated parole on three occasions and two of the violations involved "being in the presence of minors." In discussing the sexual assault against the 13-year-old girl, Small became delusional and said the incident involved two "college students." In August 2011, he destroyed "state property" and that "is an indicator of his mental disorder not being able to be kept in remission." "[H]is environmental risk factors are pretty high." He had "no plans to take pharmacological treatment as part of his parole plan."

Walsh testified that over a time span of years, Small has "periods of mania and depression." Small's disorder is "cyclical and that . . . contribut[es] to his risk." He committed a violent crime, he was not in remission, and "he was not accepting treatment." "Those factors contributed to the risk." Walsh said other factors were that Small had been arrested "20 times between [1991] and when [Walsh] saw him." Some of the arrests involved reckless driving, which is "consistent with the reckless aspect of [the] bipolar disorder." There is a "nexus" between his mental disorder and criminal behavior. His parole violations indicate that he was "still associating with children at times in spite of being directed not to . . . ." Small refused to take his medication, and "he had engaged in property damage within the last 12 months." He has a history of substance abuse.

Matthews testified that in 2011 Small suffered from delusions of creating a Navy command center and leading a rescue party in South America. Small was not in remission and not "compliant with his treatment." She said he represents a substantial danger of physical harm to others. Small refuses to take his medications and has "no insight into his mental illness." "[H]e has a history of poor performance on supervised release." The evidence is sufficient.

4

*Estoppel*

Small contends the People are estopped from seeking to commit him now because in three prior parole releases he was not referred for mental health treatment. But he waived the estoppel issue by not raising it at trial. (*In re Seaton* (2004) 34 Cal.4th 193, 200.) His trial attorney mentioned the absence of referrals for treatment. But he only said, "[T]his is a very unusual case and I would ask the court to seriously consider the evidence presented." That is not an estoppel argument. His counsel did not ask the court to rule that the prior events precluded the People from going forward. He only asked that those events be weighed with the evidence at trial. But even on the merits, the absence of prior referrals does not preclude the current MDO evaluators from reviewing the medical history and determining that Small currently needs treatment.

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.