Filed 2/17/15  P. v. Fletcher CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>WILLIAM DOUG FLETCHER,<br><br>     Defendant and Appellant. | F067849 & F068235<br><br>(Super. Ct. No. CF03901007)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Gary D. Hoff, James M. Petrucelli, and Arlan L. Harrell, Judges.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Melissa Lipon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant William Doug Fletcher was committed involuntarily as a mentally disordered offender (MDO). Subsequently, he was recommitted several times and was before this court in case No. F063786 (*People v. Fletcher* (Apr. 23, 2013) [nonpub. opn.]) challenging his recommitment. Fletcher again challenged a subsequent recommitment order that expired December 2013 (case No. F067849). While that appeal was pending, Fletcher was recommitted pursuant to an order that expired December 2014 (case No. F068235). On March 28, 2014, this court granted Fletcher's motion to consolidate these two appeals.

Fletcher contends the trial court erroneously recommitted him based in part upon a diagnosis of schizophrenia because that was not the basis of his original MDO commitment. He also challenges the sufficiency of the evidence produced at the recommitment hearings in both case Nos. F067849 and F068235 demonstrating he qualified as an MDO.

We briefly address Fletcher's claim that schizophrenia cannot be used as a basis for any recommitments because it was not the basis of the initial MDO commitment. As for the sufficiency of the evidence contentions, the term of commitment under the orders appealed from have expired, thereby rendering it impossible for this court to grant any effective relief to Fletcher on that ground.

## FACTUAL AND PROCEDURAL SUMMARY

Fletcher previously was before this court in *People v. Fletcher*, *supra,* F063786. Some facts and procedural history are taken from the nonpublished opinion in that case.

In 1995, when Fletcher was 21 years old, he was convicted of misdemeanor annoying or molesting a child based upon his following a 15-year-old girl for approximately two years in order to be "close" to the girl.

In 1996 Fletcher tried to kiss a 12-year-old girl in the laundry room of his apartment complex. He told the girl he wanted "to do her." Also in 1996, Fletcher asked a neighbor's five-year-old daughter to come to his apartment, where he asked the child to

2.

lie down on the bed. Fletcher then kissed the child and afterwards pulled down his pants and exposed his penis to the child. The conduct with the five-year-old constituted the basis of Fletcher's second conviction for annoying or molesting a child.

Fletcher committed the qualifying offense for MDO commitment when he was 29 years old. Over the course of several weeks, Fletcher followed a 13-year-old girl as she walked home from school. On one occasion he positioned himself across the street from her home and waited for her. After his arrest, Fletcher told officers he wanted to make the girl "his friend" so he could touch her. Fletcher repeatedly told officers he did not intend to rape the teenager; he wanted to "touch her." In 2003 Fletcher pled no contest to one count of an attempted lewd act upon a child. He was sentenced to serve 18 months in a prison facility and thereafter was committed as an MDO.

In 2007, after a jury trial, Fletcher's commitment as an MDO was extended to December 14, 2008. His commitment thereafter was extended again until December 14, 2010. After a bench trial, Fletcher's commitment once again was extended through December 14, 2011.

On September 12, 2011, a new petition for continued involuntary treatment was filed pursuant to Penal Code section 2970 et seq.[1] Trial by jury commenced on November 10, 2011. Dr. Robert Wagner, a forensic psychologist employed at Coalinga State Hospital (CSH), testified for the People.

Prior to testifying, Wagner reviewed Fletcher's mental health records, including prior evaluations, police and probation reports related to Fletcher's offenses, and the daily interdisciplinary notes completed by all hospital staff treating or interacting with Fletcher at CSH. Wagner also conducted an interview of Fletcher and discussed the case with Fletcher's current treating psychiatrist and psychologist. Wagner diagnosed Fletcher as suffering from two qualifying severe mental disorders—pedophilia and schizophrenia

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

3.

disorganized type. Based upon all available information, Wagner opined that if released, Fletcher posed a substantial risk of serious physical harm to others.

Pedophilia is a chronic, lifelong condition. The diagnosis requires that over a period of six months an individual have recurrent, intense sexually arousing fantasies, sexual urges, or sexual behaviors involving sexual activity with a prepubescent child and the person has acted on these feelings or the feelings have caused personal distress or difficulties. The goal for treatment is to use cognitive behavior therapy to assist the pedophile to learn skills to manage the sexual urges and to conform to society's rules in this regard.

Fletcher twice had started sex offender treatment but failed to complete phase one of the treatment. Fletcher refused to participate in group sessions because he felt his attraction to children was "behind him" and he did not want to be stigmatized. The treating psychiatrist felt Fletcher had very little, if any, insight into his pedophilia diagnosis.

The diagnosis of schizophrenia disorganized type was based on Fletcher's history of positive symptoms, including hallucinations and delusions, as well as the negative symptoms of lack of motivation and failure to groom himself. Fletcher was taking prescribed medications for schizophrenia while at CSH and Wagner opined that this mental condition was in partial remission because of the medications.

Fletcher testified that if released he would seek out a group home in Fresno. He claimed he was "kicked out" of sex offender treatment because he did not "pass it." He acknowledged he might need treatment "later on," but claimed he did not need treatment now because he had "learned his lesson."

On November 15, 2011, the jury found the MDO allegations to be true. The trial court recommitted Fletcher to CSH for a one-year term, expiring on December 14, 2012.

A petition to extend Fletcher's commitment was filed on June 20, 2012, and, after a court trial, his commitment was extended to December 2013. Fletcher filed a timely notice of appeal from this recommitment order in case No. F067849.

The evidence presented at the recommitment hearing on August 1, 2013, which is the subject of the appeal in case No. F067849, included testimony from CSH psychiatrist Wagner, who testified that Fletcher suffered from two qualifying disorders—schizophrenia and pedophilia. The symptoms of schizophrenia include auditory hallucinations, paranoid thinking, delusional thinking, apathy, rigidity, anxiety, and disorganized thought and speech. The pedophilia diagnosis was nonexclusive type. Wagner testified that Fletcher's history of sexual offenses against children met the criteria for pedophilia.

Wagner testified that Fletcher's symptoms were not in remission at the time of his evaluation; Fletcher's schizophrenia was only partially remitted, as long as Fletcher regularly used psychotropic medication. Wagner also testified that pedophilia is a disorder that cannot be cured, but the symptoms of the disorder can be managed. However, Fletcher failed to attend and complete sex offender treatment programs.

Wagner opined that (1) Fletcher's severe mental disorders made him a danger to others; (2) he failed to register as a sex offender when he was last in the community; (3) he was unlikely to continue psychotropic medication if released again; and (4) he presented an additional danger to the community because of his history of substance abuse, for which Fletcher had refused treatment.

On August 14, 2013, while case No. F067849 was pending, another petition to extend Fletcher's recommitment as an MDO was filed. After a jury trial, Fletcher's recommitment was extended for an additional year of treatment. Fletcher timely appealed from this recommitment order.

At the trial that is the subject of the appeal in case No. F068235, Wagner again testified that Fletcher was suffering from schizophrenia and pedophilia. At the time of

Fletcher's evaluation, he was not in remission for either qualifying diagnosis. Although Fletcher was prescribed and was taking psychotropic medication for his schizophrenia, he actively exhibited schizophrenic symptoms during an interview.

As for Fletcher's pedophilia, Fletcher had participated in sex offender treatment on an erratic basis and continued to show no insight into the disorder. Fletcher refused to participate in any treatment designed to assist in a transition to the community, including group and individual sex offender counseling, because he believed himself cured of pedophilia.

Wagner opined that Fletcher's predisposition to commit sexual acts against children, coupled with his unremitted schizophrenia, borderline intelligence, history of substance abuse, and refusal to participate in treatment, all substantially increased the risk of physical harm he posed to others. Wagner was of the opinion that Fletcher required a highly structured environment to assist in managing his need for mental health treatment.

## DISCUSSION

Fletcher contends his initial commitment as an MDO in 2007 was based solely on a diagnosis of pedophilia, and, consequently, his schizophrenia is not available as a basis for any recommitment. He argues that if this contention is deemed forfeited, counsel rendered ineffective assistance. Additionally, Fletcher claims the evidence produced at subsequent recommitment trials was insufficient to establish he qualifies as an MDO. Lastly, Fletcher requests that this court not dismiss the appeal as moot, even though the recommitment orders have expired.

## I. Appeal is Moot

The commitment orders appealed from have expired. In *People v. Cheek* (2001) 25 Cal.4th 894, 897-898 and *People v. Hurtado* (2002) 28 Cal.4th 1179, 1186, the California Supreme Court concluded that a proceeding in which a sexually violent predator seeks relief from a commitment order is rendered moot when the commitment

term expires during the pendency of the appeal. The same principle holds true for appeals of commitment orders under the MDO Act (§ 2960 et seq.).

The case relied upon by Fletcher, *People v. Allen* (2007) 42 Cal.4th 91, urging us not to dismiss his case as moot, is readily distinguishable. In *Allen,* the district attorney's office failed to file a petition to extend an MDO commitment prior to the expiration of the current commitment period. (*Id.* at p. 104.) The California Supreme Court concluded that the statutory deadline was mandatory and failure to timely file the petition invalidated any action taken pursuant to that petition. The Supreme Court affirmed the appellate court's decision, reversing the commitment order and directing dismissal of the MDO petition. (*Id.* at pp. 96, 104-105, 109.) In Fletcher's case, the petitions were filed timely.

It is the function of an appellate court to decide actual controversies by a judgment that can be carried into effect. It cannot render opinions on moot questions or declare principles of law that cannot affect the matter in issue in the case before it. (*City of Los Angeles v. County of Los Angeles* (1983) 147 Cal.App.3d 952, 958.) When, during the pendency of an appeal an event occurs that renders it impossible for an appellate court to grant any effective relief, should it decide the case in favor of the appellant, the court will not proceed to a formal judgment but will dismiss the appeal. (*Ibid.*)

When an appeal raises an issue that is likely to recur while evading appellate review and involves a matter of public interest, an appellate court may exercise its discretion to decide the issue for guidance in future proceedings before dismissing the appeal as moot. (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321 (*Gregerson*).) In Fletcher's case, we will address his contention that a diagnosis of unremitted schizophrenia cannot be used as a basis for recommitment because it was not the basis of the initial MDO commitment. As for the sufficiency of the evidence on whether Fletcher meets the criteria for MDO commitment, this issue is not reasonably capable of recurring

in that the evidence presented at recommitment hearings, even successive ones, will necessarily vary based upon Fletcher's response to treatment.

## II.     Schizophrenia Diagnosis

Appellate courts have addressed the merits of an appeal from an expired commitment order in very limited cases. In *People v. Rish* (2008) 163 Cal.App.4th 1370, 1381, the commitment order under the MDO Act had expired, but the appellate court addressed the legal issue of whether a trial court had a sua sponte duty under section 2972 to consider outpatient treatment. Such an issue involved a matter of public interest likely to recur. In *People v. Hernandez* (2011) 201 Cal.App.4th 483, 487 and footnote 3, this court addressed the merits of the appeal after the commitment order appealed from had expired because the committee had stipulated to a further recommitment order, this court was notified of the stipulation during the pendency of the appeal, and thus effective relief could be granted if the appeal was decided in the appellant's favor. In *People v. Jenkins* (1995) 35 Cal.App.4th 669, 672 and footnote 2, the appellate court addressed the issue of whether the MDO Act violated ex post facto laws in its application, even though the commitment order appealed from had expired.

Here, we address Fletcher's challenge to his recommitments on the grounds schizophrenia cannot be used as a basis for an MDO recommitment because he was not treated for this disorder during his parole period and it was not the basis of his initial 2007 commitment. He misconstrues the law with regard to MDO recommitment proceedings and he appears to misrepresent the record.

Fletcher appears to misrepresent the record with respect to the initial basis of his MDO commitment. Upon the People's request of July 28, 2014, this court granted judicial notice of documents pertaining to the initial MDO commitment after the parole period. The May 2008 evaluation of Fletcher, prior to the end of Fletcher's parole term and in support of the MDO commitment, noted Fletcher was being treated for

schizophrenia and pedophilia, neither disorder could be considered to be in remission, and he required continued treatment for both disorders.

Furthermore, Fletcher misstates the law on this issue. Section 2962 sets forth the criteria that must be met for an *initial* commitment as an MDO. (*People v. Cobb* (2010) 48 Cal.4th 243, 251-252 (*Cobb*).) As the California Supreme Court noted in *Cobb,* criteria for recommitment for continued treatment apply to the person's current condition; the requirement that the person have been treated for the condition while on parole or within 90 days applies *only* to the initial commitment. (*Ibid.*) Nothing in the statute or MDO Act, and no case of which we are aware, precludes consideration of a relevant disqualifying impairment at a recommitment hearing unless that impairment was the basis of the initial commitment.

Fletcher's reliance on *People v. Garcia* (2005) 127 Cal.App.4th 558 is misplaced. In *Garcia*, the defendant's mental health treatment was initiated as a condition of parole and treatment occurred during the parole period, at the conclusion of which the medical staff determined the defendant's medical disorder was in remission and could be kept in remission. (*Id.* at p. 565.) Despite this diagnosis, the district attorney filed a petition to declare the defendant an MDO and subject to involuntary treatment after the expiration of the parole period. (*Ibid.*) The appellate court concluded the district attorney had no authority to file a petition to subject the defendant to involuntary commitment after the parole period when the mental disorder for which he had been treated during the parole period was in remission and could be kept in remission. (*Ibid.*) *Garcia* addressed an initial petition for commitment as an MDO, not subsequent recommitments.

Fletcher's reliance on *People v. Sheek* (2004) 122 Cal.App.4th 1606 also is misplaced. In *Sheek,* the defendant was treated for a depressive disorder, which was in remission. The People initially sought to commit the defendant as an MDO based upon a diagnosis of pedophilia, for which no treatment had been offered. The appellate court in *Sheek* concluded that the late pedophilia diagnosis, for which no treatment had been

9.

offered, could not satisfy the requirement of section 2962—that the defendant be treated for the condition for 90 days.  (*Sheek,* at p. 1611.)

Thus, we conclude the use of unremitted schizophrenia as a basis for *recommitment*, even if not the basis of the initial commitment as an MDO, is not precluded.

**III.    Sufficiency of the Evidence Claims**

We cannot grant any effective relief to Fletcher, even if the evidence presented during the hearings that resulted in the recommitments was insufficient, because of the expiration of the appealed from commitment orders.

Moreover, our review of the record disclosed sufficient evidence.

The trial court must recommit an MDO for an additional year of psychiatric treatment where the court or jury finds beyond a reasonable doubt that the offender (1) has a severe mental disorder, (2) the severe mental disorder is not in remission or cannot be kept in remission without continued treatment, and (3) by reason of the severe mental disorder, the MDO represents a substantial danger of physical harm to others.  (§§ 2970, 2972.)  The appellate court reviews MDO proceedings for substantial evidence.  (*People v. Pace* (1994) 27 Cal.App.4th 795, 797.)

A single opinion by a psychiatric expert that a person currently is dangerous due to a severe mental disorder can constitute substantial evidence to support the extension of a commitment.  (*People v. Zapisek* (2007) 147 Cal.App.4th 1151, 1165 [§ 1026.5 commitment].)  Wagner's testimony at both recommitment trials provided substantial evidence of all the elements required under the MDO Act for recommitment.  (*Cobb, supra,* 48 Cal.4th at pp. 251-252.)

We, therefore, exercise our discretion to dismiss this appeal as moot because the terms of recommitment under the orders appealed from have expired, making it impossible for this court to grant any effective relief to Fletcher.  (*Gregerson, supra,* 202 Cal.App.4th at p. 321.)

**DISPOSITION**

The appeal is dismissed as moot.

_____
CORNELL, Acting P.J.

WE CONCUR

_____
POOCHIGIAN, J.

_____
FRANSON, J.

11.