[No. B075509. Second Dist., Div. Six. Sept. 28, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
CONRAD CORONADO, Defendant and Appellant.

COUNSEL

Christopher L. Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Emilio E. Varanini IV, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

YEGAN, J.—Conrad Coronado appeals from a court trial determination that he is a mentally disordered offender. (MDO; Pen. Code, § 2960 et seq.) He contends: "I. There was insufficient evidence to support the court's finding that the MDO criteria had been proven. II. Granting a petition releasing the appellant from confinement as an MDO prevented the Board of Prison Terms from re-certifying him an MDO at a later date for the same committing felony sentence."

We view the evidence in the light most favorable to the order here under review. (*People* v. *Miller* (1994) 25 Cal.App.4th 913, 919-920 [31 Cal.Rptr.2d 423]; see also *People* v. *Ochoa* (1994) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].) Appellant was convicted of battery upon a peace officer (Pen. Code, § 243) and was sentenced to state prison for an aggregate unstayed term of 16 months. Prior to scheduled release date on parole, February 19, 1991, the chief psychiatrist certified that appellant was an MDO. Appellant petitioned the superior court for relief and counsel was appointed to represent him. (People v. Coronado (Super. Ct. San Luis Obispo County, 1991, No. PC-211).) At the time of the hearing, May 30, 1991, the People advised the court that, after having reviewed the relevant documents and after consulting with Doctor Robert S. Knapp, M.D., ". . . we are unable to go forward in this matter." Doctor Knapp had opined that

appellant did not then suffer from a severe mental disorder. The trial court responded, ". . . the petition is ordered granted and defendant is ordered discharged on parole."

Appellant was released on parole. In December of 1991 appellant was taken into custody because of a deteriorating mental condition. (*In re Naito* (1986) 186 Cal.App.3d 1656, 1661 [231 Cal.Rptr. 506].) When release on parole was again imminent, the Board of Prison Terms again certified that appellant was an MDO. Appellant again petitioned the superior court for relief. (People v. Coronado (Super. Ct. San Luis Obispo County, 1993, No. PC-30.)

After petitioner and all counsel waived the right to a jury trial, the matter was tried to the court. The People relied on the testimony of Doctor William Walters, M.D., a staff psychiatrist at Atascadero State Hospital, appellant's treating physician. He opined that appellant met each and every criterion for an MDO finding. In rendering this opinion, Doctor Walters considered his personal contacts with appellant, former evaluations by other mental health professionals, appellant's criminal history from prior probation reports, his mental history as documented by prior hospitalizations. He also consulted with other doctors on staff at the hospital who had treated appellant.

Doctor Walters testified that appellant suffered from a severe mental disorder, i.e., schizophrenia, chronic paranoid type. Appellant had an excessive fear of people and was delusional. He believed he was being followed by the Manson gang and that males were trying to attack him in a sexual way. He had experienced hallucinations and and had poor impulse control. He misinterpreted harmless contacts and reacted violently thereto.

■ Appellant's first contention is without merit. The evidence here credited by the trial court is sufficient to support the MDO determination. Here, there was substantial evidence that appellant represented a substantial risk of harm to others based upon two assaults by appellant while incarcerated after parole was revoked, i.e., January 27, 1993, and February 18, 1993.

In each of the instances, appellant mistakenly interpreted the situations as threats or homosexual advances. Appellant claimed that these were self-defense measures. We do not doubt appellant's personal belief that these

actions were undertaken in self-defense. That is the problem. He *unreasonably* misperceived the situations because of his severe mental disorder.[1] Doctor Walters opined that appellant is ". . . unnaturally afraid of assault, especially homosexual assault, and he therefore, because of his mental disorder, misinterprets circumstances around him and strikes out preemptively to hurt people before they hurt him. . . ." As to the two assaults, Doctor Walters said these were not ". . . real-world, self-defense situations." The trial court credited this testimony and necessarily found these assaults were not undertaken in lawful self-defense.

Similarly, the evidence is sufficient to show that the severe mental disorder could not be kept in remission. "A person 'cannot be kept in remission without treatment' if during the year prior to the question being before the Board of Prison Terms or a trial court, he or she has been in remission and he or she has been physically violent, except in self-defense . . . ." (Pen. Code, § 2962, subd. (a).) The two assaults while reconfined showed that in-patient treatment was necessary.

Appellant also claims that the evidence is insufficient to show that he had been in treatment for 90 days during the year prior to his release on parole as required by Penal Code section 2962, subdivision (c). Doctor Walters was asked: "Was Mr. Coronado in treatment for his severe disorder for 90 days or more prior to his parole or release date?" Doctor Walters responded, "Yes." Appellant speculates that this treatment may not have been within one year of the parole date. The trial court expressly found that appellant was in treatment for the severe mental disorder ". . . for 90 or more days within the year prior to the parole on the release date."

We must reject this claim. Doctor Walters expressly testified that appellant ". . . fits all of the criterion [*sic*] of Penal Code section 2962 as of the date of his last Board of Prison Term Hearing which was 2/93." This necessarily includes that the most recent treatment was within one year of appellant's new parole release date. (Pen. Code, § 2962, subd. (d)(1).)

■ Appellant's second contention is also without merit. In essence, he claims that jeopardy, res judicata, and collateral estoppel principles preclude

---

[1]CALJIC No. 5.51 provides: "Actual danger is not necessary to justify self-defense. If one is confronted by the appearance of danger which arouses in [his] [her] mind, *as a reasonable person*, an honest conviction and fear that [he] [she] is about to suffer bodily injury, and if a reasonable person in a like situation, seeing and knowing the same facts, would be justified in believing [himself] [herself] in like danger, and if that individual so confronted acts in self-defense upon such appearances and from such fear and honest convictions, such person's right of self-defense is the same whether such danger is real or merely apparent." (Italics added.)

the filing of another certification petition after appellant has successfully petitioned for outpatient treatment without having committed a new felony offense involving force or violence.

We do not retreat from our earlier observations that an MDO proceeding is "essentially penal in nature" (*People* v. *Gibson* (1988) 204 Cal.App.3d 1425, 1434 [252 Cal.Rptr. 56]) and that jeopardy principles apply in the MDO context. (*People* v. *Collins* (1992) 10 Cal.App.4th 690, 698 [12 Cal.Rptr.2d 768].) For example, if appellant had been discharged after the People elected not to go forward on an MDO petition, and if there been no change in circumstances concerning appellant's mental health, and if the people simply elected to litigate the MDO status, jeopardy principles would preclude such attempt. However, that it not what happened here.

Here, there was a change of circumstances. While on outpatient parole, appellant's mental health deteriorated; he was hearing voices, he cut his wrists "slightly," and he "cried out for help" by going to an outpatient clinic.

There is no question but that the underlying felony for which appellant was sentenced to state prison, and which the original MDO proceedings concerned, is the same underlying felony for the recertification here challenged. However, that is but one aspect, albeit the genesis, of the MDO determination. An equally important aspect of the MDO determination is mental health.

Here, when case No. 211 came on for hearing, the People indicated that they were unable to proceed. That was, in essence, a concession that it was appropriate for appellant to be released on outpatient parole *at that time*. The people did not concede the propriety of appellant's continuation as an outpatient upon a subsequent mental deterioration. To do so would have been folly.

Respondent's reliance upon *People* v. *Superior Court* (*Williams*) (1991) 233 Cal.App.3d 477, 487 [284 Cal.Rptr. 601] is misplaced. There the court held that jeopardy principles were not applicable to Penal Code section 1026.5 extension hearings after a defendant was found not guilty by reason of insanity. Such a hearing is "civil in nature." (233 Cal.App.3d at p. 487.) By contrast, an MDO has been convicted of a felony and will be released to parole absent an MDO finding. This is not "civil in nature" even though the Legislature has so declared it in Penal Code section 2966, subdivision (b). (*People* v. *Gibson, supra*, 204 Cal.App.3d at p. 1434.)

Recently, we restated the purposes and evils sought to be corrected by the jeopardy rules. (*People* v. *Thomas* (1994) 25 Cal.App.4th 921, 927 [31

Cal.Rptr.2d 170].) Here, the purposes and concerns of the jeopardy rules would not be served by rigid and mechanical application. They do not apply in a situation where an aspect of the MDO determination which is capable of change (mental status) has changed. We only hold that where, as here, the mental health aspect has changed after reinarceration on parole for the same underlying offense, the People are not foreclosed from seeking an MDO determination where parole is again imminent.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.