Opinion
 

 YEGAN, J.
 

 Kenny Wayne Tate appeals from a trial court finding that he is a mentally disordered offender (MDO) within the meaning of Penal Code section 2962.
 
 [1]
 
 Appellant concedes the order is supported by substantial evidence but argues that the trial court should have ordered his discharge pursuant to section 2968 because of an improvement in his mental condition. We affirm and hold that section 2968 may not be raised as an affirmative defense at a section 2966 proceeding.
 

 In 1992 appellant pled guilty to second degree robbery and was sentenced to state prison for two years. His parole release date was March 20, 1993.
 

 On November 10, 1992, Doctor Moss, a staff psychiatrist at Atascadero State Hospital, examined appellant and determined that he suffered from a severe mental disorder. Appellant was transferred to Atascadero State Hospital where Doctor Audrey Mertz diagnosed and treated him for a hypomanic, bipolar disorder.
 

 
 *1681
 
 On January 27, 1993, the Board of Prison Terms (BPT) found that appellant met the MDO criteria and ordered him committed to Atascadero State Hospital for treatment. (§§ 2962, 2966, subd. (a).)
 
 [2]
 
 Appellant filed a petition for trial of the issue and waived his right to a jury. (§ 2966, subd. (b).) The matter was tried on May 20 and 21, 1993.
 

 Doctor Hollingsworth testified that appellant met all of the MDO criteria as of January 27, 1993. Doctors Moss and Ratner concurred. The psychiatric evaluations, probation reports, and medical records showed that the severe mental disorder was an aggravating factor in the robbery.
 

 Doctor Mertz, appellant’s treating physician, testified that appellant was not in remission on January 27, 1993, and presented a substantial danger of physical harm to others as of that date. Doctor Mertz stated, however, that she had changed her original diagnosis and believed that appellant’s manic symptoms were caused by a hyperthyroid condition. After the BPT certification hearing, appellant was prescribed thyroid medication and showed a marked improvement. Doctor Mertz opined that appellant no longer fit the MDO criteria because the manic symptoms were in remission.
 

 The prosecution argued that the sole issue before the court was whether appellant met the MDO criteria on January 27, 1993. Appellant disagreed and argued that the court should consider the new medical opinion. Appellant further claimed that his symptoms were attributable to a physical condition rather than a mental condition as defined by section 2962.
 

 The trial court found, beyond a reasonable doubt, that appellant met all the MDO criteria on January 27,1993. It said: “Dr. Moss, through his testimony, has caused me to conclude that there is no unanimity on the fact that all the symptoms shown through time for years by Mr. Tate are exclusively caused by the thyroid condition, [f] Dr. Moss still seems to believe that his bi-polar diagnosis is correct. That was certainly supported by Dr. Ratner and the other doctors who were made aware of the existence of the hyperthyroid condition after they submitted their original reports.”
 

 Appellant asserts that the court should have ordered his discharge because the severe mental disorder was in remission. Section 2968 states: “If
 
 *1682
 
 the prisoner’s severe mental disorder is put into remission during the parole period, and can be kept in remission, the Director of Mental Health shall notify the Board of Prison Terms and the State Department of Mental Health shall discontinue treating the parolee.”
 

 Appellant’s reliance on section 2968 is misplaced. The statute was not raised as an affirmative defense and may not be successfully asserted for the first time on appeal. (E.g.,
 
 People
 
 v.
 
 Miller
 
 (1994) 25 Cal.App.4th 913, 917 [31 Cal.Rptr.2d 423];
 
 People
 
 v.
 
 Pretzer
 
 (1992) 9 Cal.App.4th 1078, 1085 [11 Cal.Rptr.2d 860].)
 

 On the merits, the contention also fails. Sections 2966 and 2968 address different time frames. At a section 2966 hearing, the trier of fact considers whether the prisoner met all the MDO criteria as of the date of the BPT certification hearing.
 
 (People
 
 v.
 
 Miller, supra,
 
 25 Cal.App.4th 913, 916, fn. 1.)
 
 [3]
 
 The trier of fact is provided a snapshot view of the prisoner’s mental status. Subsequent evidence concerning a change or improvement in the prisoner’s mental condition is not relevant.
 

 We have previously noted that the mental status aspect of an MDO determination “. . . is capable of change.”
 
 (People
 
 v.
 
 Coronado
 
 (1994) 28 Cal.App.4th 1402, 1408 [33 Cal.Rptr.2d 835].) If the prisoner responds to medical treatment after the BPT certification hearing and can be kept in remission, section 2968 provides an administrative remedy. The prisoner may petition the Director of Mental Health for relief pursuant to section 2968.
 

 In construing section 2966, we have observed that the primary purpose of the MDO statutory scheme is to protect the public.
 
 (People
 
 v.
 
 Pretzer, supra,
 
 (1992) 9 Cal.App.4th 1078, 1082.) MDO proceedings are dissimilar from other statutory schemes dealing with the involuntary commitment of individuals suffering from a mental disorder or grave disability. (See
 
 Conservatorship of Davis
 
 (1981) 124 Cal.App.3d 313, 319-320 [177 Cal.Rptr. 369] [jury in a Lanterman-Petris-Short Act proceeding may be instructed that the proposed conservatee is not “gravely disabled” if she understands the need for treatment and has made a meaningful commitment to follow a treatment plan];
 
 People
 
 v.
 
 Bolden
 
 (1990) 217 Cal.App.3d 1591, 1600 [266 Cal.Rptr. 724] [defendant in a section 1026.5, subdivision (b)(1) extension proceeding may, by way of affirmative defense, present evidence
 
 *1683
 
 that his medication is effective in controlling his behavior and that he will take his medication].) “Unlike other involuntary commitment schemes which apply either to persons involved in certain specified offenses (see e.g., Welf. & Inst. Code, § 3052) or to any felony offender (see e.g., § 1026.5, subd. (b)(1)) the MDO scheme applies to persons who committed any felony offense only if it involved the use of force or violence or if it involved inflicting serious bodily injury.”
 
 (People
 
 v.
 
 Gibson
 
 (1988) 204 Cal.App.3d 1425, 1434 [252 Cal.Rptr. 56].)
 

 We reject the argument that the trier of fact at a section 2966 hearing may consider whether the prisoner responded to treatment after the BPT certification hearing. (E.g.,
 
 People
 
 v.
 
 Collins
 
 (1992) 10 Cal.App.4th 690, 695-696 [12 Cal.Rptr.2d 768] [error to instruct the jury of the consequences of MDO findings].) The reason is straightforward. After the MDO certification, the scope and success of a prisoner’s prescribed treatment must be evaluated by medical professionals.
 

 Here, the trial was limited to the issue of appellant’s mental condition as of January 27, 1993. Doctors Hollingsworth, Moss and Ratner all expressed the opinion that appellant met the MDO criteria. Doctor Mertz agreed but testified that appellant’s condition had changed. Based on Doctor Mertz’s testimony, the trial court urged the Department of Mental Health “to take this matter back to the Board of Prison Terms ... or deal with it pursuant to [section] 2968. [][]. . .1 think that the mental health professionals need to be more certain; and by that, I mean hopefully each reach unanimity that the only major cause of Mr. Tate’s problems [is] his thyroid condition.”
 

 Under the statutory scheme, sections 2966 and 2968 provide different and sequential remedies. The trial court correctly found that section 2968 affords a postcertification remedy where the prisoner’s severe mental disorder is in remission and can be kept in remission. Judicial relief, by way of mandamus or habeas corpus, is not available until appellant exhausts his administrative remedies under section 2968.
 
 (In re Strick
 
 (1983) 148 Cal.App.3d 906, 911 [196 Cal.Rptr. 293].)
 

 The order is affirmed.
 

 Stone (S. J.), P. J., and Gilbert, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied February 15, 1995.
 

 [1]
 

 All statutory references are to the Penal Code unless otherwise stated.
 

 [2]
 

 Section 2962, subdivision (d), provides that the following criteria must be met for MDO certification: (1) the prisoner has a severe mental disorder, (2) the disorder is not in remission or cannot be kept in remission without treatment, (3) the disorder was one of the causes of or was an aggravating factor in the prisoner’s commission of his crime, (4) the prisoner has been in treatment for the disorder for 90 days or more prior to his parole release date, (5) the prisoner used force or violence or caused serious bodily injury in committing the crime, and (6) by reason of the disorder the prisoner represents a substantial danger of physical harm to others.
 

 [3]
 

 Section 2966, subdivision (b), states in pertinent part: “A prisoner who disagrees with the determination of the Board of Prison Terms that he or she meets the criteria of Section 2962, may file in the superior court of the county in which he or she is incarcerated or is being treated a petition for a hearing on whether he or she, as
 
 of the date of the Board of Prison Terms hearing,
 
 met the criteria of Section 2962.” (Italics added.)