Filed 11/22/13  P. v. Caridad CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070479 |
| v. | (Super. Ct. No. 00F09254) |
| BENJAMIN CARIDAD, | |
| Defendant and Appellant. | |

Defendant Benjamin Caridad appeals from his most recent recommitment as a mentally disordered offender (MDO) to the custody of the Department of Mental Health (Pen. Code, § 2970) from June 7, 2012, to June 7, 2013.  He contends insufficient evidence supports the finding that he currently represents a substantial danger of physical harm to others.  We conclude sufficient evidence supports the trial court's implied finding of defendant's current dangerousness and his recommitment.  We affirm the judgment.

1

FACTS AND PROCEDURAL HISTORY

Defendant began receiving psychiatric care at the age of 20 years and had been hospitalized 11 times under Welfare and Institutions Code section 5150.[1] He also had a long history of substance abuse.

In November 2000, the 32-year-old defendant intentionally set fire to an inhabited motel located on Stockton Boulevard. Defendant admitted he had been prescribed anti-psychotic medications but did not always take them. At the time of the offense, he had not taken any medication for a month. In June 2001, defendant entered a plea of no contest to arson and was sentenced to state prison for six years.

During his term in state prison, defendant had been in a crisis bed twice. In 2006, after undergoing a psychological evaluation by the Department of Corrections and Rehabilitation, defendant was diagnosed with a psychotic disorder not otherwise specified (NOS) and polysubstance dependence, with symptoms and behaviors including "auditory hallucinations, paranoid and delusional thinking, suspiciousness, isolation, depression, odd presentation, loose associations, [and] disorganized thoughts and respon[ses] to internal stimuli." This diagnosis fell within the statutory definition of severe mental disorder. As a result of this diagnosis, defendant was determined to be an MDO and ordered to undergo treatment as a condition of parole.

Before defendant's parole was set to expire in 2009, the District Attorney filed a petition for commitment as an MDO pursuant to Penal Code section 2970. The community program director in charge of defendant's outpatient program advised that his

---

[1] Welfare and Institutions Code section 5150 provides that upon probable cause, a person may be taken into custody and placed in a facility for a 72-hour treatment and evaluation when the person, as a result of a mental disorder, is a danger to others or to himself or herself.

mental disorder was not in remission without treatment and he represented a substantial danger of physical harm to others if released unsupervised in the community. Defendant was committed as an MDO and has received treatment continuously since his release from prison on an inpatient or outpatient basis.

In 2010, mental health staff at Patton State Hospital (PSH) diagnosed defendant with paranoid schizophrenia, polysubstance dependence in remission in a controlled environment, and antisocial personality disorder. In 2010, defendant had engaged in multiple acts of violence including punching a mirror in anger, fighting a peer who accused him of pouring water on another peer who was disabled, and dislocating his shoulder from either working out or punching a peer who wanted his canteen. He refused to take his psychotropic medications and failed to follow the rules, acting in defiance. His behavior was erratic and impulsive and included throwing rocks and peas for no reason. The staff concluded by reason of his severe mental disorder, defendant represented a substantial danger to others.

A 2011 report by PSH recounted defendant refused to take psychotropic medications because he believed he was not mentally disordered. Progress notes from 2010 and 2011 described defendant as having loose thought processes and making weird, odd, or unusual statements accompanied by odd behavior including bringing his teddy bear to the dining room. His inappropriate behavior over the preceding year included exercising noisily after bedtime without regard for his roommates, refusing staff direction to remove his headphones, and having oral sex with a female patient. Although he had not acted violently in the preceding year, the PSH forensic evaluator who prepared the report opined defendant represented a substantial danger of physical harm to others by reason of his severe mental disorder (schizophrenia). The PSH medical director opined defendant's mental disorder was not in remission, could not be in remission if treatment

was not continued, and because of his severe mental disorder, he represented a substantial danger of physical harm to others.

Defense counsel submitted the matter on the 2011 report. The trial court extended defendant's commitment to June 7, 2013.

DISCUSSION

Defendant contends insufficient evidence supports the finding that he currently represents a substantial danger of physical harm to others because he had had no incidents of violence within the prior 12 months "or at any point since his 2000 conviction." Defendant asserts the conclusion that he is dangerous was based "almost entirely on his past history, consisting of the arson and other prior incidents that occurred more than twelve years ago." Based on the record, we conclude sufficient evidence supports defendant's recommitment.

"Commitment as an MDO is not indefinite; instead, '[a]n MDO is committed for . . . one-year period[s] and thereafter has the right to be released unless the People prove beyond a reasonable doubt that he or she should be recommitted for another year.' [Citation.]" (*Lopez v. Superior Court* (2010) 50 Cal.4th 1055, 1063.) "A recommitment under the [MDO] law requires proof beyond a reasonable doubt that (1) the patient has a severe mental disorder; (2) the disorder 'is not in remission or cannot be kept in remission without treatment'; and (3) by reason of that disorder, the patient represents a substantial danger of physical harm to others. (Pen. Code, § 2970.)" (*People v. Burroughs* (2005) 131 Cal.App.4th 1401, 1404.) Proof of a recent overt act is not required to show "substantial danger of physical harm." (Pen. Code, § 2962, subd. (f).)

In reviewing the sufficiency of the evidence in an MDO proceeding, we apply the substantial evidence standard of review. We must determine "whether, on the whole record, a rational trier of fact could have found that defendant is an MDO beyond a

4

reasonable doubt, considering all the evidence in the light which is most favorable to the People, and drawing all inferences the trier could reasonably have made to support the finding." (*People v. Clark* (2000) 82 Cal.App.4th 1072, 1082.)

As to incidents of violence, defendant misrepresents the record in claiming he had no incidents of violence "at any point since his 2000 conviction." As recently as 2010, defendant had engaged in multiple acts of violence including punching a mirror in anger and fighting a peer. While defendant may have had no incidents of violence within the preceding 12 months, his violent behavior in 2010 is relevant to the determination that defendant continues to represent a substantial danger of physical harm to others and continues to require treatment. (Pen. Code, § 2972, subd. (c); *People v. Cobb* (2010) 48 Cal.4th 243, 252.)

As to defendant's severe mental disorder, his current evaluators concluded defendant's severe mental disorder was not in remission as evidenced by his behavior and refusal to take his medications. Defendant failed to follow the rules and his behavior was described as erratic and impulsive and included throwing rocks. He had a history of refusing to take his medications and was currently refusing to take his medications. Without medication, defendant's mental disorder was not in remission and he posed a substantial risk to others. (*See People v. Noble* (2002) 100 Cal.App.4th 184, 190 ["an MDO whose symptoms are controlled by medication and who is not dangerous while on medication is by definition 'in remission,' and represents no danger to others"].) Contrary to defendant's assertions, the finding of current dangerousness is not based on past history (arson) and other prior incidents that occurred more than 12 years ago. Instead, the record reveals violent incidents as recent as 2010 and current behavior demonstrating defendant's severe mental disorder is not in remission. In sum, substantial

evidence supports the trial court's implied finding of defendant's current dangerousness and his recommitment.

## DISPOSITION

The recommitment order from June 7, 2012, to June 7, 2013, is affirmed.


      HOCH   , J.


We concur:


      BLEASE   , Acting P. J.


      MAURO   , J.